UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STATE OF WISCONSIN,

          Plaintiff,

     v.                             Case No. 22-CR-125

TRACY E. MCCARTHY,

          Defendant.

## RECOMMENDATION

On June 13, 2022, Tracy McCarthy filed documents purporting to remove to federal court a misdemeanor case from Waukesha County Circuit Court. (ECF No. 1.) He states: "Removal is based on Federal Question Jurisdiction , Deprivation of rights under color of law 42 u.s.c 1983, also 18 U.S.C. § 242 , The Fourth amendment to the United States Constitution, 28 U.S. code 1443 (1)) (2), Wisconsin state statute 944.21,(d) Wisconsin state statute 946.32 (1) (a) Wisconsin State Statute 946.32 (2)" (ECF No. 1 at 1.)

Under 28 U.S.C. § 1443:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the court of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. §1443.

"The defendant cannot proceed under subsection (2) of this statute, because the Supreme Court has held that 'the second subsection of s 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" *United States v. Jones*, No. 17-Cr-207-pp, 2017 U.S. Dist. LEXIS 204898, at *5-6 (E.D. Wis. Dec. 13, 2017) (quoting *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)).

Removal under § 1443(1) requires the defendant to show that the case involves "a right under any law providing for … equal civil rights." 28 U.S.C. § 1443(1). This phrase is limited to those "rights specifically defined in terms of racial equality." *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S. Ct. 1783, 1790 (1966)). "More general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014).

McCarthy has not shown that § 1443(1) applies. Therefore, removal was improper and summary remand is appropriate. *See* 28 U.S.C. §§ 1443, 1455; *United States v. Jones*, No. 17-Cr-207-pp, 2017 U.S. Dist. LEXIS 204898, at *1 (E.D. Wis. Dec. 13, 2017).

Insofar as McCarthy may be attempting to bring a civil action, this is accomplished by filing a complaint. *See* Fed. R. Civ. P. 3, 8; *see also* Complaint for Non-Prisoner Filing Without a Lawyer (with Guide), available at https://www.wied.uscourts.gov/forms/complaint-non-prisoner-filing-without-lawyer-guide. However, McCarthy should be mindful that when a civil claim relates to a criminal prosecution, often a party is unable to obtain damages in a civil action unless the criminal action has been resolved in his favor. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

**IT IS THEREFORE RECOMMENDED** that this action be summarily remanded to Waukesha County Circuit Court.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), any written objection to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Failure to timely object

waives a party's right to review.

Dated at Milwaukee, Wisconsin this 13th day of June, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge