UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STATE OF WISCONSIN,

        Plaintiff,

v.

        Case No. 22-cr-125-pp

TRACY E. MCCARTHY,

        Defendant.

---

**ORDER OVERRULING OBJECTION (DKT. NO. 4), ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. NO. 2) AND REMANDING CASE TO WAUKESHA COUNTY CIRCUIT COURT**

---

On June 10, 2022, an officer of the Oconomowoc Police Department filed a complaint against the defendant in Waukesha County Circuit Court, alleging misdemeanor resisting an officer and misdemeanor disorderly conduct. Dkt. No. 1-1. On June 13, 2022, the defendant filed a Notice of Removal here in federal court. Dkt. No. 1. The defendant stated that the removal was based on "Federal Question Jurisdiction, Deprivation of rights under color of law 42 u.s.c 1983, also 18 U.S.C. § 242, the Fourth Amendment to the United States Constitution, 28 U.S. code 1443(1))(2), Wisconsin state statute 944.21,(d) Wisconsin state statute 946.32(1)(a) Wisconsin State Statute 946.32(2)[.]" Id. at 1.

On June 13, 2022, Magistrate Judge William E. Duffin issued a report recommending that this court summarily remand the case to Waukesha County Circuit Court. Dkt. No. 2. Judge Duffin pointed out that only federal officers or agents—or those authorized to act for them—may remove a case from state to federal court under 28 U.S.C. §1443(2), and that removal under

1

§1443(2) requires a defendant to show that the case involves a right under a law providing for equal rights on racial grounds. Id. at 2. Finally, Judge Duffin observed if Mr. McCarthy intended to file a civil lawsuit (such as a federal civil rights suit under 42 U.S.C. §1983), he could not do that by filing a notice of removal; instead, he must file a complaint. Id. at 3. Judge Duffin also noted that a plaintiff cannot obtain damages by filing a civil lawsuit that, if successful, would require overturning the results of a criminal case unless that case had been resolved in his favor. Id.

The defendant has objected to Judge Duffin's recommendation. Dkt. No. 4. He advises the court that he is not a lawyer and has no legal training. Id. at 1. He asserts that the "Inferior State Court" does not have subject-matter jurisdiction to hear cases involving federal questions, that the Fourteenth Amendment guarantees equal protection and that he seeks a hearing. Id.

The court understands that Mr. McCarthy is not a lawyer. But there is nothing for this court to hold a hearing on. Judge Duffin is correct. Section 1443 of Title 28 does not apply to Mr. McCarthy; that statute "guarantees a federal forum for certain federal civil rights claims." BP P.L.C. v. Mayor and City Council of Baltimore, ___ U.S. ___, 141 S. Ct. 1532, 1536 (2021). The case filed against Mr. McCarthy in Waukesha County Circuit Court does not involve a federal civil rights claim. It is a state *criminal* case, alleging that Mr. McCarthy violated two Wisconsin criminal laws.

There is a statute that allows removal of a *criminal* case from state to federal court, but it does not apply to Mr. McCarthy, either. Section 1442 of Title 28 allows the United States or its officers (including officers of the court or legislators) to remove criminal cases against them from state to federal court if

the case relates to actions they took "under color" of their federal offices. Mr. McCarthy has not alleged that he is an officer of the United States.

The court understands that Mr. McCarthy feels that it was a violation of his civil rights for him to have been arrested, taken into custody and charged with a crime (under circumstances in which he describes himself has having been a victim, see Dkt. No. 1 at 2). But Judge Duffin correctly points out two things. First, if Mr. McCarthy wants to sue state officials in federal court for violating his civil rights, the appropriate way for him to do that is to file a *civil complaint* in federal court, not to file a notice of removal. Second, the United States Supreme Court has held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," and included in the definition of civil tort actions "§ 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . . ." Heck v. Humphrey, 512 U.S. 477, 486 (1994).

And it does not appear that Mr. McCarthy has a criminal conviction to collaterally attack, even if the law allowed him to do so. The state criminal case against him—State v. McCarthy, Case No. 2022CM001033 (Waukesha County Circuit Court (available at https://wcca.wicourts.gov)—is still pending. There is a hearing scheduled for July 11, 2022 at 8:30 a.m. Id. Younger v. Harris, 401 U.S. 37 (1971)

> holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. See *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). [The plaintiff's] claims of damages resulting from illegal searches, seizures, and detentions meet that description: they involve constitutional issues that may be litigated during the course of his criminal case, see *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (*en banc*); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th

3

> Cir. 1998). Deciding those issues in federal court could undermine the state court proceeding, see *Simpson*, 73 F.3d at 138.

Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013).

In other words, this court may not hear Mr. McCarthy's civil rights claims if he still has the opportunity to litigate them during the criminal prosecution in Waukesha County—which he does. Mr. McCarthy may argue to the judge in Waukesha County that he believes his rights were violated by his arrest, detention and charging.

The court **OVERRULES** the objection to Judge Duffin's report and recommendation. Dkt. No. 4.

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 2.

The court **ORDERS** that this case is **REMANDED** to Waukesha County Circuit Court **IMMEDIATELY**.

Dated in Milwaukee, Wisconsin this 21st day of June, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:22-cr-00125-PP   Filed 06/21/22   Page 4 of 4   Document 5